United States District Court
District of Massachusetts

| | |
|---|---|
| JANET OUELLETTE, | ) |
| | ) |
| Plaintiff | ) |
| v. | ) |
| | ) |
| David Depietri, an individual; | )   Civil Action No. |
| Robert Depietri, an individual; | ) |
| ROSEWOOD PADANARAM, LLC, a | ) |
| Massachusetts limited liability company, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## COMPLAINT with Jury Demand

## I: PARTIES AND JURISDICTION

1.  Plaintiff, Janet Ouellette, is an individual residing at 34 Hidden Bay, Dartmouth, Massachusetts.

2.  Defendant, Rosewood Padanaram, LLC ("Rosewood"), is a Massachusetts limited liability company, with a principal place of business located at 40 Mechanic Street, Suite 300 c/o Rosewood Development Corp., Marlborough, Massachusetts.

3.  Rosewood is engaged in the business of real estate development.

4.  Rosewood is developing, constructing and offering for sale condominium units in Dartmouth, Massachusetts called the Farm Field Condominium Development.

5.  Defendant, David Depietri, is an individual residing at 20 Sears Road, Southborough, Massachusetts.

6.  On information and belief, David Depietri is a member of Rosewood.

7.  Defendant, Robert Depietri, Jr. is an individual residing at 4 North Pond Road, Worcester, Massachusetts.

8.  Robert Depietri, Jr. is the Managing Member of Rosewood LLC.

9.  This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as this action alleges violations of federal law, 18 U.S.C. §§1961-1968 (RICO). Because the Massachusetts law claims are so related to Plaintiff's RICO claim, over which this court has original jurisdiction, that they form part of the same case or controversy under Article III of the United States Constitution, the Court also has jurisdiction over Plaintiff's Massachusetts common law and statutory claims pursuant to 28 U.S.C. s.1367.

10. All of the events giving rise to the claims stated herein occurred in this District and the Defendants are subject to the personal jurisdiction of this judicial district. Venue is proper in this district pursuant to 28 U.S.C.§ 1391 and to 18 U.S.C. §1965.

## II. FACTUAL ALLEGATIONS

11. Plaintiff and Rosewood entered into a Purchase and Sale Contract ("Agreement 1") on or about May 30, 2006 for the property known and numbered as 27 Royal Way, Dartmouth, Bristol County, Massachusetts.

12. 27 Royal Way is a condominium unit and is part of the Farm Field Condominium development.

13. Plaintiff delivered to Rosewood  $72,100, on or about May 30, 2006, as a deposit on her contract to purchase the 27 Royal Way condominium unit.

14. Agreement 1, paragraph 6 permitted Rosewood to commingle Plaintiff's deposit with Rosewood's other funds.

15. Agreement 1 set the date for closing on March 31, 2007.

16. Under Agreement 1,  Rosewood  was obligated to obtain a certificate of occupancy for the property from the Town of Dartmouth, Massachusetts ("the Town") prior to the

closing.

17.   Rosewood was unable to obtain a certificate of occupancy because it did not perform

the work required by the Town as a prerequisite of issuance of the certificate.

18.   Upon information and belief, Rosewood did not perform the work required by the

Town because it lacked the necessary financial resources.

19.   Rosewood failed to obtain a certificate of occupancy from the Town for the property

on or before March 31, 2007, the initial closing date.

20.   As a result of Rosewood's failure to obtain a certificate of occupancy for the

condominium unit, the company could not and did not transfer title of the 27 Royal

Way condominium unit to Plaintiff.

21.   Plaintiff was, at all times, ready and able to fulfill her obligations under Agreement 1.

22.   Thereafter, Rosewood continued its efforts to obtain a certificate of occupancy. It

failed to do so due to the many failures of Rosewood to comply with existing legal

requirements.

23.   On or about January 31, 2007, Plaintiff wrote to Rosewood and offered to cancel

Agreement 1 and to enter into a new purchase and sale agreement for another unit

within the Farm Field condominium development.  A copy of the letter is attached

here to as Exhibit A.

24.   Plaintiff agreed to purchase a different condominium unit because Rosewood led her

to believe that it could more easily obtain a certificate of occupancy for the second

unit.

25.   The Plaintiff and Rosewood entered into a new Purchase and Sale Contract

3

("Agreement 2") on or about April 20, 2007. A copy of Agreement 2 is attached hereto as Exhibit B.

26. Agreement 2 was for the purchase and sale of the property known and numbered as 81 Country Way, unit 8, Dartmouth, Massachusetts ("Unit 8").

27. The parties agreed that Rosewood continue to hold the $72,100 deposit made under Agreement 1, and that Plaintiff would be credited with the amount of the deposit towards her purchase of Unit 8 under Agreement 2 at closing.

28. Agreement 2, paragraph 6 permitted Rosewood to commingle Plaintiff's deposit with Rosewood's other funds.

29. Agreement 2's closing date was August 15, 2007.

30. Rosewood  was obligated under Agreement 2 to obtain a certificate of occupancy for Unit 8 prior to the closing.

31. Rosewood  failed to obtain a certificate of occupancy from the Town for Unit 8 on or before Agreement 2's closing date.

32. As a result of Rosewood's failure to obtain a certificate of occupancy  for Unit 8, the company could not and did not transfer title of Unit 8 to Plaintiff on Agreement 2's closing date.

33. Plaintiff was, at all times, ready and able to fulfill her obligations under Agreement 2 as scheduled.

34. On August 15, 2007, the Parties executed an extension agreement postponing the closing on Unit 8 until September 14, 2007. A copy of the executed extension is attached hereto as Exhibit C.

4

35.    Rosewood was obligated to obtain a certificate of occupancy for Unit 8 before the extended closing date.

36.    Rosewood failed to obtain a certificate of occupancy from the Town for Unit 8 on or before September 14, 2007 because Rosewood lacked the financial resources to perform the work required by the Town.

37.    As a result of Rosewood's failure to obtain a certificate of occupancy for Unit 8, the company again could not and did not transfer title of Unit 8 to Plaintiff as scheduled.

38.    Plaintiff was ready and able to fulfill her obligations on September 14, 2007.

39.    On or about January 18, 2008, the parties orally agreed to extend the closing date until May 2008.

40.    Rosewood again failed to obtain a certificate of occupancy from the Town for Unit 8 on or before May 2008 because Rosewood lacked the financial resources to perform the work required by the Town.

41.    As a result, the company could not and did not transfer title of Unit 8 to Plaintiff.

42.    Agreement 2, paragraph 14, provided that Plaintiff's deposit would be returned to her if Rosewood LLC were unable to obtain a certificate of occupancy by May 2008.

43.    As of the date of this Complaint, Rosewood has not returned to the Plaintiff her deposit of $72,100.

44.    On or about January 18, 2008, Plaintiff, and David Depietri, met to discuss options to resolve the situation. They orally agreed to continue the agreement, whereby Rosewood would attempt to obtain a certificate of occupancy and Plaintiff would attempt to sell her home.

5

45.   On July 1, 2008,  Plaintiff  proposed a property exchange between the parties: Plaintiff would transfer her property located at 14 Star of the Sea Drive, Dartmouth to Rosewood LLC and the company would transfer Unit 8 to Plaintiff plus an amount of money to be negotiated.

46.   David Depietri agreed to consider the proposal on or about July 1, 2008.

47.   Despite Mr. Depietri's agreement to consider the property exchange proposal, he did not respond to Plaintiff.  Instead, on or about July 7, 2008, Rosewood caused Unit 8 to be listed for sale on MLS without Plaintiff's knowledge.

48.   Rosewood did not inform Plaintiff of its intent to list Unit 8 for sale to third parties.

49.   Rosewood's action, in listing Unit 8 for sale, demonstrated that the company did not believe that Plaintiff was obligated to purchase Unit 8.

50.   Plaintiff sold her property at 14 Star of the Sea Drive to a third party on or about August 29, 2008.  A few weeks before selling her 14 Star of the Sea Drive residence, Plaintiff informed Rosewood of her intent not to proceed with the transaction and purchase Unit 8 because, among other reasons, the company still did not have a certificate of occupancy for Unit 8 and because the company had listed the property for sale on July 7, 2008.

51.   Rosewood did not have a certificate of occupancy for Unit 8 at the time Plaintiff sold her 14 Star of the Sea Drive property.

52.   Rosewood did not obtain a certificate of occupancy for Unit 8 from the Town until September 30, 2008, thirty-one months after Rosewood agreed to sell a home to Plaintiff, a recent widow.

53.   On September 30, 2008, Rosewood, through its attorney, sent Plaintiff's counsel a
letter stating its intent to transfer Unit 8 to Plaintiff at a closing on October 5, 2008.

54.   Plaintiff refused to close on Unit 8 and instead demanded return of her deposit due to
the delay in Rosewood obtaining an certificate of occupancy for Unit 8 and pursuant to
the terms of Agreement 2.

55.   Upon information and belief, while simultaneously demanding Plaintiff's performance
to purchase Unit 8, Rosewood had been in negotiations with an individual, Suzanne
Lindblom, to sell Ms. Lindblom Unit 8.

56.   Because Rosewood could not simultaneously sell Ms. Lindblom and Plaintiff the
same condominium unit, Rosewood was seeking to retain Plaintiff's deposit in bad-
faith.

57.   Rosewood and Ms. Lindblom entered into a Purchase and Sale agreement for Unit 8.

58.   Rosewood continues to advertise Unit 8 for sale, despite its agreement to sell Unit 8 to
Ms. Lindblom.

59.   Such action by Rosewood further demonstrates its bad-faith in transacting with
prospective purchasers.

60.   Many of the communications and agreements between Plaintiff and Rosewood as
alleged above were through the mail, telefacsimile and telephone.

61.   Rosewood, through its counsel, mailed a letter via the United States Postal Service on
September 30, 2008 demanding that Plaintiff be present at a closing on the
Condominium Unit on October 5, 2008. A copy of the letter is attached hereto and
incorporated herein as Exhibit D.

7

62.     Plaintiff, through counsel, responded to September 30, 2008 letter on October 3, 2008. A copy of Plaintiff's response is attached hereto and incorporated herein as Exhibit E.

63.     Rosewood, through its counsel, mailed a second letter dated October 7, 2008 through the United States Postal Service demanding that Plaintiff attend a rescheduled closing on October 14, 2008 or else forfeit her deposit. A copy of that letter is attached hereto and incorporated herein as Exhibit F.

64.     Rosewood, through its counsel, sent a final letter via a telefacsimile transmission and First Class United State Postal Service, on October 14, 2008, stating that the company was retaining Plaintiff's deposit as a result of Plaintiff's alleged breach of the purchase and sale agreement for failing to attend the closing on October 14, 2008.

65.     Rosewood did not make a good-faith effort to obtain the certificates of occupancy required under Agreement 1 and Agreement 2.

66.     Rather than returning Plaintiff's deposit and the deposits to the other prospective buyers of the Rosewood condominium units, Rosewood and the Depietris engaged in deceptive acts and practices using telephone and mail and wire transmission aimed at retaining their deposit monies indefinitely.

**COUNT I: 18 U.S.C. § 1961 et seq. Racketeer Influenced and Corrupt Organizations Act (RICO)**

67.     Plaintiff realleges and incorporates the allegations above in Paragraphs 1-66.

68.     David and Robert Depietri are utilizing Rosewood in order to carry out acts in violation of 18 U.S.C. S. 1961 et seq., The Racketeer Influenced and Corrupt Organizations Act.

69.    The RICO enterprise David and Robert Depietri are using in violation of the RICO Act

is Rosewood.

70.    Robert and David Depietri utilized Rosewood to obtain and wrongfully retain real

estate deposits from Plaintiff and other prospective buyers.

71.    Robert and David Depietri caused Rosewood to default in its obligations to the

Plaintiff and prospective buyers by failing to do the work needed to obtain certificates

of occupancy for the Towns of Dartmouth and Framingham, Massachusetts.

72.     Robert and David Depietri have utilized Rosewood to wilfully engage in a pattern of

entering into purchase and sale agreements for condominium units within its

development, not performing its obligations by transferring title and possession to the

Buyers and finally refusing to return the Buyers' deposit and wrongfully retaining it.

73.    Defendants Depietri have engaged in this pattern of behavior with Rosalie and Joseph

Hassey; Marion O'Brien; Beverly Reed; and Margaret Corley concerning the

condominium units at the Farm Field Development.

74.    Upon information and belief, Defendants Depietri have engaged in this similar pattern

of behavior in at least one other Massachusetts real estate development project called

Dennison Triangle in Framingham.

75.    Upon information and belief, Defendants Depietri and their business entities have been

sued in Middlesex County Superior Court by Houra Merrikh, Christopher Breuer, and

Sean Martin for wrongfully retaining their real estate deposits and failing to perform

their obligations under the real estate purchase and sale contracts.

76.    Upon information and belief, the Depietris allowed Houra Merrikh and Christopher

9

Breuer to move into a Dennison Triangle condominium unit and live there illegally for four months without obtaining a certificate of occupancy from the Framingham, Massachusetts Building Department.

77.   The Depietris did not inform Ms. Merrikh or Mr. Breuer of their failure to obtain the certificate of occupancy.

78.   Defendants Depietri have utilized the United States Postal Service to advance and further its scheme to defraud Plaintiff and other prospective buyers in violation of 18 U.S.C. §§1341, 1343.

79.   Defendants Depietri's pattern of behavior have allowed it to obtain Plaintiff's moneys and funds that were in the custody and control of Citizens Union Bank, Plaintiff's financial banking institution, by means of false or fraudulent pretenses, representations and promises in violation of 18 U.S.C. § 1344.

80.   Plaintiff suffered harm directly as a result of Defendants Depietri's wrongful actions.

## COUNT II: DECLARATORY RELIEF (28 U.S.C. § 2201)

81.   Plaintiff realleges and incorporates the allegations above in Paragraphs 1-80.

82.   The Purchase and Sale contract expired of its own terms in May 2008 when Rosewood failed to obtain a certificate of occupancy for Unit 8. Pursuant to the terms of the Agreement 2 Rosewood was obligated at that time to return Plaintiff's deposit.

83.   Plaintiff is entitled to the return of the $72,100 deposit, in addition to any accrued interest.

84.   A declaratory judgment will, in all likelihood, terminate the uncertainty and controversy giving rise to this Complaint.

## COUNT III: DECLARATORY RELIEF (alternative grounds)

85.   Plaintiff realleges and incorporates the allegations above in Paragraphs 1-84.

86.   Rosewood's failure to obtain a certificate of occupancy earlier than September 30, 2008 and the company's listing Unit 8 for sale on July 7, 2008 was a material breach of the Purchase and Sale agreement that released Plaintiff from any obligations under the Purchase and Sale Agreement.

87.   Plaintiff is entitled to the return of the $72,100 deposit, in addition to any accrued interest.

88.   A declaratory judgment will, in all likelihood, terminate the uncertainty and controversy giving rise to this Complaint.

## COUNT IV: BREACH OF CONTRACT

89.   Plaintiff realleges and incorporates the allegations above in Paragraphs 1-88.

90.   Plaintiff and Rosewood entered into valid contracts for the purchase and sale of condominium units within Rosewood's Farm Field development.

91.   Plaintiff was ready, willing and able to perform her obligations under Agreement 1 and Agreement 2 and any extensions thereof.

92.   Rosewood was never able to, and did not, perform its obligations under Agreement 1 and Agreement 2.

93.   There was no justification for Rosewood's substantial delay in performance.

94.   Agreement 1 and Agreement 2 imposed a reasonable time for Rosewood to perform its obligations.

Wherefore, Plaintiff respectfully requests that this Court grant her the following relief:

11

1.    Award Plaintiff judgment against Defendants Depietri on Count I for violations of 18

      U.S.C. § 1962 and award Plaintiff multiple damages, costs and attorney's fees;

2.    Award Plaintiff a declaratory judgment against Defendant Rosewood on Counts II and

      III and find that Rosewood's failure to obtain a certificate of occupancy until

      September 30, 2008 breached Agreements 1 and 2 and released Plaintiff from any

      further obligation to purchase Unit 8; or, in the alternative, that the Purchase and Sale

      Agreement expired in May 2008 by its own terms pursuant to paragraph 14 because

      Defendant Rosewood was unable to obtain a certificate of occupancy, which released

      Plaintiff from her obligations under the Purchase and Sale agreement and entitled her

      to a return of her deposit under Agreement 2, paragraph 14.;

3.    Award Plaintiff judgment against Rosewood on Count IV for breach of contract

      against Rosewood and award Plaintiff damages.

4.    Award Plaintiff costs and interest;

5.    Award Plaintiff such other relief as may be appropriate.

      Plaintiff demands a jury trial for all issues contained in her Complaint.

Respectfully submitted,

Plaintiff, Janet Ouellette,

By her attorneys,

ROBERT B. FEINGOLD & ASSOCIATES, P.C.

Robert B. Feingold, Esq., BBO#161520
Amanda Glinski, Esq., BBO#662311
700 Pleasant Street, 5th Floor
New Bedford, MA 02740
508-999-1119
508-999-0300 (fax)

13